MELTIAH K. CHASE *vs.* EDGAR H. HINCKLEY.

Hancock. Opinion December 7, 1882.

*Mortgage. Assignment. Tender. Cancellation. Equity.*

C took from H a written assignment of a mortgage and notes in payment for real estate sold and conveyed by warranty deeds, the amount due upon the mortgage debt being less than the sum represented by H, C tendered back the mortgage and notes and assignment thereof to H and brought bill in equity to cancel his deed and note given therefor: *Held*, that as the mortgage can only be conveyed in writing it is not sufficient to tender it back without a written conveyance with covenants of warranty against all persons claim-

ing under C. *Held* further, that the decree asked for may be granted if C first restores to H, by such written conveyance, the mortgage and notes and pays the costs of suit.

BILL IN EQUITY.

Heard on bill, answer and proofs.

The bill sets out that the plaintiff sold and conveyed by warranty deed to the defendant, certain land in Bluehill, for the sum seven hundred dollars, and in payment for the same he took from the defendant a mortgage properly assigned and two notes upon which there was then due, after allowing for a twenty-seven dollar indorsement on one, the sum of one thousand eighty-two dollars and six cents, as appeared by the face of the papers and as the defendant represented; and the plaintiff agreed to allow defendant one thousand dollars for the mortgage and gave him a note of three hundred dollars for the balance over and above the seven hundred dollars; that in fact the mortgage notes, which were at that time overdue, were mostly paid, there being less than two hundred dollars due upon them instead of the sum of one thousand eighty-two dollars and six cents, represented by the defendant; that upon ascertaining the facts the plaintiff had tendered back to the defendant the mortgage and notes, and the assignment thereof, the same never having been recorded; and the bill asked that the contract be declared void and the defendant required to release to plaintiff his interest in the land conveyed and be enjoined from collecting the three hundred dollar note.

The facts found by the court are stated in the opinion.

*A. P. Wiswell*, for the plaintiff.

*H. A. Tripp*, for the defendant.

DANFORTH, J.    This is a bill in equity asking for the recision of an executed contract for the purchase of a mortgage, and that the defendant may be required to restore the consideration received therefor, on the ground of fraud.    The fraud alleged is that false representations were made as to the amount due upon the mortgage.    The answer explicitly denies the falsehood, and alleges that the truth was stated so far as known; that no

specific sum was given as due, but substantially that the amount was in dispute.

The evidence in the case is clearly sufficient to overcome the answer and sustain the allegations in the bill. It is conceded that the plaintiff in the contract allowed substantially the amount which appeared to be due, and unless he so understood and believed, his conduct would be inexplicable; and the statement that he was informed that a less amount was due, or that the amount or a material part of it was in dispute would seem scarcely credible. This belief and conduct on the part of the plaintiff must have been induced by the acts and statements of the defendant, for he produced the notes with but the twenty-seven dollars indorsed. The defendant concedes that, that question as to the amount due was discussed and it does not appear that the plaintiff obtained any information from any other scource. Indeed it is now made an objection that he did not inquire otherwheres. But where should he inquire with more probability of obtaining the truth than of him who was the owner of the notes, who presented them without indorsements, and whose duty it was to give the information sought? True, the notes were overdue and thus calculated to excite suspicion. That suspicion was excited, the proper inquiries were made and at the proper place, and it is not for the defendant to say the plaintiff was negligent in putting confidence in his word. That the defendant knew the truth is shown by his own testimony and is not denied.

The testimony as to whether the whole amount as shown by the notes was due is conflicting. But that the amount was in dispute is free from doubt and the balance of testimony shows that a material part of the amount had been paid. But it is sufficient for the plaintiff that there are good grounds for contesting the notes. He was not bound to take them with the almost certainty of litigation and the evidence shows that he took the proper precautions to prevent it.

It is thus clear that the plaintiff has the right to rescind the contract and is entitled to the decree he asks, if he has taken the proper steps to do so. To do this it is incumbent for the rescinding party to restore the other to the position in which he was

before the contract. In this case he must return the considera-
tion he received for the land conveyed and note given. That
consideration was the notes and mortgage. The material part
appears to have been the mortgage. The case shows that it was
legally assigned to the plaintiff. The case also shows that the
notes, mortgage and assignment, were tendered back to the
defendant, but fails to show a reassignment of the mortgage.
Nor does it appear that the assignment was cancelled any farther
than the tender may have that effect. Was this sufficient? The
mortgage conveyed an interest in real estate; the assignment
conveyed the same interest, an interest which can only be con-
veyed in writing. Before the assignment the defendant was the
owner of the premises covered by the mortgage subject to the
right of redemption. By the assignment that interest passed to
the plaintiff and under the law could pass from him only by a
written instrument. It follows that a mere tender back of the
assignment from the defendant would not in law convey the title,
though with the tender of the notes if accepted it might in equity.

In *Hesseltine* v. *Seavey*, 16 Maine, 214, SHEPLEY J., says,
"since the statute of frauds there is no doubt, that a surrender of
a lease can be legally proved, only by deed or note in writing, or
by act and operation of law." Washburn in his treatise on Real
Property, vol. 3, p. 275, (3 ed.) says, "the cases in general,
however, agree that mere cancelling or delivering back the
grantor's deed, does not divest the grantee's title. In Sugden on
Vendors, vol. 1, p. 256-7, 8th American edition, note *e*, it is said,
"but it is clear from the above cases and others, that the mere
cancellation of the deed, by the grantee without recourse, does
not divest his title or vest it in the grantor." See also, *Barrett*
v. *Thorndike*, 1 Maine, 73; *Nason* v. *Grant*, 21 Maine, 160;
*Patterson* v. *Yeaton*, 47 Maine, 308; *Hatch* v. *Hatch*, 9 Mass.
311; 1 Green. Ev. § 265; Greenleaf's Cruise on Real Property,
vol. 3, 8, note 1.

It is however true that the title to land may be changed, under
certain circumstances, by cancelling the deed if not recorded in
connection with other acts of the parties.

In New Hampshire it is held that where an unrecorded deed

is voluntarily surrendered up by the grantee to the grantor, with a view of thereby revesting the estate in the grantor, it would have that effect upon the principle of estoppel. *Bank* v. *Eastman*, 44 N. H. 438. "Having voluntarily destroyed his deed, he cannot be permitted to show its contents by secondary evidence," and thus the only evidence competent to sustain his title is gone. But cancellation is no reconveyance. *Farrar* v. *Farrar*, 4 N. H. 191; *Mussey* v. *Holt*, 4 Foster, 248.

So, when an unrecorded deed is cancelled and a new deed is given to another grantee, the title in him would undoubtedly be good, provided no rights of third persons had intervened. This principle is well stated by SHAW, C. J., in *Trull* v. *Skinner*, 17 Pick. 214, 215. On p. 215, he says, "such cancellation does not operate by way of transfer, nor strictly speaking by way of release working upon the estate, but rather as an estoppel arising from the voluntary surrender of the legal evidence, by which alone the claim could be supported; like the cancellation of an unregistered deed, and a conveyance by the first grantor to a third person without notice. The cancellation reconveys no interest to the grantor, and yet taken together, such cancellation and conveyance to a third person make a good title to the latter by operation of law; . . . it is good against the grantor and his heirs by force of the second deed, and it is good against the first grantee and all claiming under him, by force of the registry acts." These two classes of cases are clearly sustained by the authorities already cited as well as others. They are not inconsistent but rest upon sound principle.

The result is that the defendant has not been placed in his former position. He then had a title to the mortgage by deed. If he had accepted the tender he would not now have a title, but would be in a condition to hold the mortgage only because the plaintiff had so conducted that he could not assert his title for the want of the legal evidence. The defendant had the written evidence required by law to sustain his former title. The latter, if title it may be called, is dependent to a great extent upon the uncertainties of oral testimony. Besides the rights of the mort-

gagor are to some extent involved.    It is conceded that something is due on the mortgage.    Against whom will a process for redemption lie?  Shall the mortgagor at his peril ascertain from the testimony of different individuals of differing interests, to whom he shall make the necessary payment, or may he not rather look to that written evidence which the law provides for his protection?  Were he now to make payment to the plaintiff, in whom is the legal title, must it not operate as a discharge of the mortgage?  *Smith* v. *Kelley*, 27 Maine, 237; *Lyford* v. *Ross*, 33 *Ib.* 197.

It is therefore evident that the defendant has not only not been placed in his former condition, but he is in one not its equivalent, and for that reason he was not bound to accept the tender.

But this is a process in equity.    Under our present statute this court has full equity powers, and we see nothing in this case, notwithstanding these principles of law, to prevent the decree asked for on such conditions as may secure equity to the defendant.    These conditions are that the plaintiff shall first restore to the defendant the mortgage by a reassignment or quitclaim deed of the premises therein described, with covenants of warranty against all persons claiming under the grantor and pay the costs of this suit.    He will then be entitled to the decree prayed for in his bill.    The case is remanded to *nisi prius* for further proceedings in conformity herewith.

APPLETON, C. J., WALTON, VIRGIN, PETERS and SYMONDS, JJ., concurred.